CALOGERO, Chief Justice (retired),
concurs in part and dissents in part and assigns reasons.
11 That the defendant Rodney Cocker-ham’s fault was a major contributing factor to the occurrence of this tragic accident is a finding with which reasonable persons would surely agree; accordingly, I concur in the majority opinion to that extent. However, we have held that a finding of intoxication on the part of a driver does not preclude a finding of fault on the part of the DOTD for failure to maintain or upgrade a highway shoulder or slope. Petre v. State, ex rel. Dep’t of Transp. and Development, 01-0876 (La.4/3/02), 817 So.2d 1107. A driver’s unacceptable and illegal actions in driving while intoxicated should be weighed heavily against him in considering the extent of the DOTD’s duty to him, being merely a factor to consider in our comparative negligence scheme. Id., p. 12, 817 So.2d at 1114. Here, the jury’s finding that the DOTD was partially at fault for the accident and the consequent | .¿damages by failing to maintain the slope of the shoulder and to remove trees from the right-of-way along Greenwell Springs *862 Road near the accident site is not clearly unreasonable based on the record evidence, as the majority of the court of appeal concluded below. Forbes v. Cockerham, 2005-1888 (La.App. 1 Cir. 8/7/08), 985 So.2d 86. Thus, such a finding supports a result assessing some portion of the fault to the DOTD, even if something less than the percentage of fault the jury eventually assessed against the DOTD. So, I would dissent from the majority opinion to the extent that it determines this accident and the resulting devastating injuries suffered by the guest passengers were entirely caused by the defendant Cockerham.
Comparative fault prevails under the laws of this state and should be applied in this case. See Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). In my view, the court of appeal correctly reversed the trial court’s JNOY assessing 100% fault to the defendant driver, but then it should have affirmed the trial court’s alternative grant of the DOTD’s partial motion for new trial, for the reasons set forth by Judge Gaidry in the court of appeal. Forbes v. Cockerham, 2005-1838, 985 So.2d at 135, Gaidry, J., concurring in part and dissenting in part. Accordingly, I would have affirmed the court of appeal’s reversal of the trial court’s JNOV, but I would have reversed the court of appeal and reinstated the trial court’s granting of the partial motion for new trial.